IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RAND MAURICE CODON,

        Petitioner,

v.

BRAD CAIN,

        Respondent.

_____

Civ. No. 6:19-cv-1904-MK

ORDER

MCSHANE, Judge:

    Magistrate Judge Mustafa Kasubhai filed a Findings and Recommendation, (ECF No. 43), and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Petitioner filed objections. Accordingly, the Court reviewed the file of this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

    The Court finds no error and concludes the report is correct. As Judge Kasubhai so recommended, the petition is untimely. Petitioner filed this habeas petition 467 days after the state postconviction relief court below dismissed his petition there for failing to state a claim. Although petitioner chose to appeal that judgment to the Oregon appellate courts, the Oregon Supreme Court unambiguously held, over one decade earlier, that the legislative policy adopted "is an unqualified one—no appeal lies from any judgment dismissing a petition for post-

1 –ORDER

conviction relief for failure to state a claim." *Young v. Hill*, 347 Or. 165, 173-74 (2009) (*en banc*). As this Court concluded in an opinion docketed last week:

> Under *Ramirez* [*v. Yates*, 571 F.3d 993 (9th Cir. 2009)] and *Almanza-Garcia* [*v. Amsberry*, 838 Fed. App'x 301, 302 (9th Cir. Mar. 3, 2021)], Petitioner's appeal of the dismissal of his PCR petition was not "properly filed" because the petition was dismissed for failure to state a claim and the judgment of dismissal was not appealable. Accordingly, the appeal did not toll the statute of limitations and the limitations period began to run on [August 8, 2018]. More that one-year elapsed before Petitioner signed his federal Petition, and this action is time-barred.

*Russel v. Cain*, 2:18-cv-01827-MC, 2023 WL 2583858, at *4-5 (D. Or. Mar. 21, 2023). Judge Immergut and Judge Hernandez came to the same conclusion. *See Dawson v. Kelly*, 6:20-cv-00698-IM, 2023 WL 112302, at * 4-5 (D. Or. Jan. 4, 2023) (analyzing *Ramirez* and *Yates* and concluding identical appeal was not "properly filed" and thus did not toll the AEDPA's one-year limitation); *see also Almanza-Garcia v. Amsberry*, 2:18-cv001704-HZ, 2020 WL 1258303, at *2-3 (D. Or. Mar. 12, 2020) (*aff'd*, 838 Fed. Appx. 301) (9th Cir. 2021).

Additionally, the Court concludes Petitioner has not demonstrated that equitable tolling should excuse his late filing. Equitable tolling is available "only if extraordinary circumstances beyond" a petitioner's control made "it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). Equitable tolling is "unavailable in most cases," as the "threshold" for its application is "very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted).

Petitioner's equitable tolling argument essentially boils down to an argument that his state PCR attorney was confused (or wrong) as to whether Petitioner's improper state PCR

2 –ORDER

appeal tolled the federal limitation period and, but for this bad advice, Petitioner would have filed a timely claim. The Ninth Circuit, however, has held that this argument fails to clear the high bar required to establish equitable tolling. *See Id*. In *Miranda,* Petitioner argued that although a federal habeas petitioner is not entitled to effective assistance of counsel, he is entitled to rely on affirmative advice provided by counsel and may point to errors the attorney made in calculating the federal limitations period to justify equitable tolling. The Ninth Circuit roundly rejected this argument: "Our precedents foreclose his contention: because [Petitioner] had no right to the assistance of his appointed appellate counsel regarding post-conviction relief, it follow that he did not have the right to that attorney's 'effective' assistance, either." *Id*. at 1068. Instead, *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) "controls, and it makes clear that [Petitioner's] attorney's 'miscalculation of the limitations period . . . and h[er] negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling." *Miranda*, 292 F.3d at 1068 (quoting *Frye*, 273 F.3d at 1146) (alteration and ellipses in original). This aligns with longstanding Supreme Court precedent that "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007).

Petitioner's argument that the Ninth Circuit's unpublished opinion in *Almanza-Garcia* somehow changed the law on tolling is meritless.[1] In the Ninth Circuit, since at least 2009, Petitioners seeking federal habeas relief have been on notice that an appeal of a non-appealable judgment is not "properly filed" under 28 U.S.C. § 2244(d)(2) and therefore do not toll

---

[1] Petitioner argues that "this case does not involve attorney negligence or error." Reply 4; ECF No. 92. The Court disagrees and concludes Petitioner's state PCR attorney simply erred in believing the invalid state appeal tolled the federal limitations period. Petitioner's argument that this case does not involve attorney negligence or error appears to be a calculated attempt to avoid longstanding, unhelpful case law from *Frye* and *Lawrence*.

3 –ORDER

AEDPA's one-year statute of limitations. *Ramirez*, 571 F.3d at 999. While no Ninth Circuit case until *Almanza-Garcia* expressly applied *Ramirez* to Oregon's Post-Conviction Hearing Act, that fact does not mean *Almanza-Garcia* suddenly expanded or changed the law regarding tolling under the AEDPA. Indeed, that *Ramirez* did not involve any change in current caselaw is apparent by the fact that the panel resolved that case via an unpublished memorandum disposition. The outcome there was mandated based on any reasonable reading of *Ramirez*.

Finally, the Court takes issue with Petitioner's argument that Magistrate Judge Kasubhai improperly ruled on cause and prejudice claims (that would excuse any procedural default) Petitioner sought to reserve. Petitioner goes so far as to argue these findings were "inequitable, premature, and an improper advisory opinion." Obj. 17-18; ECF No. 56. After reviewing all briefings submitted in advance of the Findings and Recommendations, this Court disagrees. The Respondent argued, from its Opening brief and again in its Reply brief, that Petitioner's claims were procedurally defaulted. Petitioner notes that current counsel "substituted after the initial briefing was filed, and in that briefing prior counsel had not presented argument on cause and prejudice, *apparently seeking to reserve the issue until after receiving a ruling on timeliness*." Reply 5; ECF No. 92. Especially in habeas cases, where petitioners understandably often raise a multitude of alternative arguments, it can be difficult for a court to determine whether a petitioner is waiving a claim or seeking a preliminary ruling in order to more efficiently allocate resources. Going forward, counsel should make an effort to obtain preliminary approval of, or unambiguously clarify, any request for supplemental briefings in the event the judge rules against a claim made in the alternative. Petitioner's request here could have been clearer. At the least, Petitioner could have provided some indication of what any "actual innocence" or cause and prejudice investigation would focus on.

/ / / /

Magistrate Judge Kasubhai's Findings and Recommendation (ECF No. 43) is ADOPTED. The Petition is DENIED as untimely. A Certificate of Appealability is DENIED on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 29th day of March, 2023.

s/ Michael J. McShane  
MICHAEL J. MCSHANE  
United States District Judge

5 –ORDER